IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT MILES, Inmate #K67019,**     )
                                       )
      **Plaintiff,**                )
                                       )
**vs.**                                )
                                       )     **CIVIL NO. 04-624-JPG**
**THE 7 AM TO 3 PM DIETARY FOOD**     )
**SUPERVISORS AT BIG MUDDY**          )
**CORRECTIONAL CENTER,**              )
                                       )
      **Defendants.**              )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    Plaintiff, a former inmate in the Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states that on November 15, 2003, he was "subjected to cruel and unusual punishment" by the Defendant Food Supervisors because they sent him a bag of potato chips that "a rodent" had bitten a hole into, leaving tiny teeth marks. Plaintiff also states that he was denied due process because prison administrators denied his grievances regarding the bag of chips, failed to take any action in response to his complaint, and failed to investigate Plaintiff's allegations.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

> [N]either negligence nor strict liability is the appropriate inquiry in prison-conditions cases. . . . prisoners who contest the conditions of their confinement under the eighth amendment must establish that their custodians either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects. The eighth amendment is concerned with "punishment", and . . . showing a culpable mental state is essential in establishing that conditions of confinement are part of the "punishment".

*Steading v. Thompson*, 941 F.2d 498, 499-500 (7th Cir. 1991), *citing Wilson v. Seiter*, 501 U.S. 294 (1991).

Based on these standards, Plaintiff does not state an actionable constitutional claim. Receiving a bag of chips ridden with rodent teeth marks and holes is no doubt disturbing, but it comes nowhere near a denial of "the minimal civilized measure's of life's necessities" that would

create an excessive risk to an inmate's health or safety. But even if the rodent-bitten bag of chips could constitute such a denial, Plaintiff has not alleged that defendants possessed a culpable state of mind as required to state a constitutional claim. At best, Defendants were negligent. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

As to Plaintiff's claim that he was denied due process when his grievances complaining about the bag of chips were not investigated and were denied, he has also not stated an actionable constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  August 12, 2005

    s/ J. Phil Gilbert
    U. S. District Judge